HENRY R. PHELPS, Administrator *vs.* ASAPH RICE.

In a suit by the administrator of an estate that is represented to be insolvent, the defendant may set off claims against the intestate which are for sums not liqui- dated and which cannot be ascertained by calculation, and are therefore not the subject of set-off under the Rev. Sts. *c.* 96 ; and such claims may be set off, al- though they have been disallowed by the commissioners appointed to examine the claims of creditors against the estate of the intestate, and the claimant has not ap- pealed from their decision.

A promissory note for $500, made by A. payable to B. or order, was indorsed by B. to C., for the purpose of making it the property of C., and C. gave B. a written promise to return the note to him when A. should pay to C. the sum of $199, which B. owed C. : A. died, and C., by advice of S., his attorney, took out letters of administration on the estate of A., and brought several successive actions, as such administrator, against B. on the note, by advice of S., who commenced those actions for C. : C. was nonsuited in those actions, by reason of the negligence and unskilfulness of S. : S. afterwards died insolvent, and his administrator commenced a suit against C. to recover for services done and money paid by S. in the pros- ecution of said actions. *Held,* that as C. had authority to bring said actions, either in his personal capacity, as indorsee, or as administrator of the payee, he might set off the damages which he personally sustained by the negligence and unskilfulness of S. in the actions brought, as administrator, by the advice of S.

ASSUMPSIT to recover for professional services rendered and money paid by M. L. Stowe, the plaintiff's intestate.   The action was commenced on the 23d of February 1842, by the intestate, who died in May 1843.   At the next term of the court of common pleas, (September 1843,) the plaintiff took

upon himself the prosecution of the suit. At September term 1844, the defendant moved to file his claims in set-off. The estate of said intestate was represented to be insolvent, and commissioners were appointed, to whom the plaintiff presented the same claims, but offered no evidence to support them. The commissioners, in their final report, disallowed said claims, and the plaintiff took no appeal.

At the trial in the court of common pleas, before *Merrick*, J. all the plaintiff's said claims were admitted, without objection, except the following item: " September 7th 1838. To damage and loss occasioned by neglect and want of skill, on the part of said Stowe, in prosecuting the claim of the defendant against Jonah B. Stratton, and by permitting the defendant to become nonsuit in two certain actions against said Stratton, at the September term 1838, and not seasonably commencing another action and attaching the real estate which had been attached on the former writs. $400." To this item the plaintiff objected that it was a claim for unliquidated damages, and therefore not the subject of set-off. But the judge ruled otherwise, on the ground that the original plaintiff had died, and his estate been represented insolvent.

To sustain this claim, the defendant introduced the records of three suits successively brought by him, as administrator of Isaac Howe, against Jonah B. Stratton, each founded on a promissory note for $500, dated April 28th 1821, payable to said Howe, or order, in one year, with interest, signed by Jonah B. Stratton and William Hovey, attested by a subscribing witness, and indorsed in blank by said Howe. There was evidence that these suits were brought by the plaintiff's intestate, as attorney of the present defendant, and that the defendant acted by the direction and advice of said intestate in taking out letters of administration on said Howe's estate, and bringing said actions as such administrator. The plaintiff objected to the admission of this evidence, because the record showed that the claim for damages was in favor of the defendant in his capacity of administrator of said Howe, and

not in his individual capacity.   But the judge ruled, "that the evidence was admissible, and that the question whether the damage, if any was sustained, was damage to the defendant as administrator, or in his individual capacity, should be submitted to the jury."

The defendant then called witnesses, whose testimony tended to prove that, on the 10th of March 1830, said Howe was indebted to the defendant in the sum of $199·44, which the defendant had paid, as surety of Howe, who was poor and unable to pay that sum; that said Howe, on that day, at the defendant's request, indorsed to him the note aforesaid for $500, for the purpose of transferring it and making it the property of the defendant; that said note was then delivered to the defendant by said Howe, and that, at the time of the delivery, an oral agreement was made between the defendant and said Howe, which was reduced to writing and signed by the defendant on the next day, bearing date, however, of the day on which it was orally made.   This agreement (after reciting the note, and its indorsement as security for money paid by the defendant for Howe, to the amount of $199·44) was as follows: "Now, therefore, if the abovenamed Jonah B. Stratton and William Hovey, or either of them, their heirs or assigns, shall, at any time hereafter, pay to me, my heirs or assigns, the abovenamed sum of $199·44, with lawful interest, then the note is to be returned to him the abovenamed Isaac Howe, or his legal representatives, without fraud or further delay.   Asaph Rice."

On this evidence, the defendant contended that the note was his property, to the extent of his claim against Howe; and that, although the said suits thereon were brought in his name as administrator, yet that they were his individual suits, to the extent aforesaid; and that any damage or loss, by misfeasance or neglect of the plaintiff's intestate, in the management of the suits, was a damage to the defendant, in his individual capacity, to the extent aforesaid, and that any claim for such damage was his individual claim, and not his claim as administrator, to the extent aforesaid.

The plaintiff insisted, on the contrary, that if the note was *bona fide* the defendant's property, then his bringing said suits as administrator was a fraud on said Stratton, because it was an evasion ·of the statute of limitations, which would have run against the note in the hands of, and sued in the name of, the defendant as indorsee, but would not run against the note when· sued by the defendant in his capacity of administrator, and therefore the defendant was not entitled to recover any damages by way of set-off, in the present action; because he should not be allowed to take advantage of his own wrong doing.

The judge ruled, "that if the defendant was the actual owner of the note, to the extent claimed, yet he had the right to sue and collect it as administrator of the estate of Howe, the promisee; and that, if this were the fact, the defendant was still entitled to the damages in his individual capacity, if damage had been sustained by the intestate's misfeasance or neglect."

The jury returned a general verdict for the defendant, and the plaintiff alleged exceptions to the rulings of the judge.

*E. Fuller & J. W. Fletcher*, for the plaintiff.

*G. Parker*, for the defendant.

HUBBARD, J.   The claim of the defendant, which he seeks to set off against the demand of the plaintiff's intestate, is for damages sustained by the defendant for want of professional skill and diligence on the part of the intestate in prosecuting certain suits for him.   This, being a claim for a sum which is not liquidated and which cannot be ascertained by calculation, is not within the statute of set-off, Rev. Sts. *c.* 96; and the defendant cannot avail himself of the provisions of that act, to meet the plaintiff's cause of action.

But the demand sued in this case being that of an administrator of an insolvent estate, the right of set-off is not limited to cases provided for by the statute of set-off.   It extends to all cases where mutual demands exist which survive the death of the party; and a defendant, therefore, when sued, may set up in defence claims not liquidated, as well as those

the amount of which is ascertained. This is the principle established in *M'Donald* v. *Webster*, 2 Mass. 498, and which has repeatedly received the sanction of this court. *Jarvis* v. *Rogers*, 15 Mass. 407. *Knapp* v. *Lee*, 3 Pick. 460. *Bigelow* v. *Folger*, 2 Met. 255. And it fully justifies the pleading of the demand by way of set-off, though not allowed by the commissioners of insolvency.

It has been urged, in this case, that the demand put in suit by the plaintiff's intestate, and for his negligence and want of skill in regard to which the defendant now complains, was not the property of the defendant, but of a person for whom he was administrator, and therefore the defendant cannot avail himself of this defence to defeat the payment of a just demand against himself. But in answer to this objection it may be replied, that the defendant had an interest and legal property in the demand, and was authorized either to sue in his personal capacity, as indorsee, or as administrator of the payee of the note, as he might judge best ; and being advised and directed by the plaintiff's intestate himself, as to the course to be adopted by him, his administrator cannot now take advantage of such advice to screen his intestate from the claim of the defendant for the injury he personally sustained by the want of skill and care on the part of the intestate.

*Exceptions overruled.*